COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-07-069-CV

IN RE   RELATOR

JAMES A. ROUGHLEY 

------------

ORIGINAL PROCEEDING

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Relator James A. Roughley, pro se, seeks a writ of mandamus compelling the trial court to rule on his petition for bill of review regarding the trial court’s dismissal of Relator’s claims against the Texas Department of Criminal Justice-Institutional Division (“TDCJ”).  Relator contends that he received notice of the dismissal too late to pursue a conventional appeal and that a petition for bill of review is his only remedy. 

Mandamus relief is proper only to correct a clear abuse of discretion when there is no adequate remedy by appeal
.  In re Prudential Ins. Co. of Am.
, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding).
 

Relator has an adequate remedy by appeal.  There is no final judgment in the trial court because Relator’s claims against Texas Tech University Health Science Center (“TTUHSC”) are unresolved.  When his claims against TTUHSC are resolved, he can appeal TDCJ’s dismissal.  All that Relator has lost is the opportunity to pursue an interlocutory appeal from TDCJ’s dismissal under section 51.014(a)(8) of the civil practice and remedies code.  
See 
Tex. Civ. Prac. & Rem. Code Ann.
 §
 51.014(a)(8) (Vernon Supp. 2006) (allowing interlocutory appeal from grant of governmental unit’s plea to the jurisdiction).  The failure to pursue an interlocutory appeal does not prevent a party from pursuing an appeal after the trial court renders a final, appealable judgment or order.  
See id.
 § 51.014(a) (“A person 
may
 appeal from an interlocutory order . . . .”);
 Canyon (Australia) Pty., Ltd. v. Maersk Contractors, Pty., Ltd.
, No. 08-00-00248-CV, 2002 WL 997738, at *4 (Tex. App.—El Paso May 16, 2002, pet. denied) (holding interlocutory appeals under section 51.014 
are permissive, not mandatory).

We also note that Relator’s petition for bill of review is premature.  A party may file a petition for bill of review 
after
 the trial court loses plenary power.  
Tex. R. Civ. P.
 329b(f).  The trial court has not rendered a final judgment; thus, it still has plenary power, and Relator’s petition for bill of review is premature.

Therefore, we deny Relator’s petition.

PER CURIAM

PANEL A: GARDNER, J.; CAYCE, C.J.; and LIVINGSTON, J.

DELIVERED: March 30, 2007

FOOTNOTES
1:
See
 
Tex. R. App. P. 
47.4.